IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT COURT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARISSA GUTIERREZ as Administrator of the ESTATE OF VICTOR J. RODRIGUEZ GUTIERREZ, <br> Plaintiff, <br><br> vs. <br><br> MARTIN MARIETTA MATERIALS, INC. d/b/a MARTIN MARIETTA AGGREGATES, a Colorado Corporation, and NORTHERN COLORADO CONCRETE INC. a Colorado Corporation, <br><br> Defendants. | Case No. 1:22-cv-03315 <br><br> Judge: |

**COMPLAINT FOR DAMAGES**

NOW COMES the Plaintiff, MARISSA GUTIERREZ, as Administrator of the Estate of VICTOR J. RODRIGUEZ GUTIERREZ, (hereinafter referred to as decedent), by and through her attorney, NADERH ELRABADI, OF ELRABADI LAW, complaining of the Defendants, MARTIN MARIETTA MATERIALS, INC., d/b/a MARTIN MARIETTA AGGREGATES, and NORTHERN COLORADO CONCRETE INC, and in support thereof states as follows:

**NATURE OF THE ACTION**

This action was initially filed in this Court as, *Gutierrez v. Martin Marietta Materials Inc.*, Case No. 1:21-cv-03250, and dismissed without prejudice for failure to obtain service of process within 90 days, as required by *Fed. R. Civ. P. Rule* 4(m). This action is now filed pursuant to Illinois statute, 735 ILCS 5/13-217, which "grants a plaintiff" an absolute right to refile certain timely filed actions within one year of judgment, regardless of whether the applicable statute of limitations has expired in the interim." *Bonds v. City of Chicago*, No. 16 C 5112 WL 698680 *4 (N.D. Illinois, Feb. 2017).

1

This action is brought against the Defendant for common law negligence and the wrongful death. Plaintiff MARISSA GUTIERREZ acts in her capacity as the Administrator of her deceased brother's estate.

## JURISDICTION AND VENUE

Pursuant to 28 U.S. Code § 1332, the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. Here, decedent resided in Greeley, Colorado for the purposes of temporary work, and maintained a domiciled in Peoria Illinois with his family. His dependent family is domiciled in Peoria Illinois. Defendant MARTIN MARIETTA MATERIALS, INC., d/b/a MARTIN MARIETTA AGGREGATES ("MARTIN MARIETTA") is a Colorado corporation with its principal place of business and headquarters in Raleigh Peak, Colorado. MARTIN MARIETTA is a leading national supplier of aggregate and heavy building materials in the United States, with operations in 26 states. and Defendant NORTHERN COLORADO CONCRETE INC, a Colorado corporation with its principal place of business and headquarters in Greeley, Colorado. Venue is based on the domicile of the Plaintiff and the decedent, which is Illinois Northern District, under 28 U.S.C. § 1391(b)(1)–(2).

## THE PARTIES

1. The Plaintiff, MARISSA GUTIERREZ as Administrator of the Estate of VICTOR J. RODRIGUEZ GUTIERREZ, the decedent.

2. The Defendant, MARTIN MARIETTA MATERIALS, INC., d/b/a MARTIN MARIETTA AGGREGATES, the owner of the property where the fatal injury occurred to the decedent invitee.

3. The Defendant, NORTHERN COLORADO CONCRETE INC, the decedent's employer.

## STATEMENT OF FACTS

1. On June 18, 2019, and for some time prior thereto, the decedent VICTOR GUTIERREZ was employed by Defendant NORTHERN COLORADO CONCRETE Inc. ("COLORADO CONCRETE") as a laborer and concrete hauler.

2. COLORADO CONCRETE's principal place of business is in Greeley, Colorado where the company performed services of concrete hauling.

3. Decedent traveled to Greeley, Colorado, to obtain temporary employment at COLORADO CONCRETE to support his family in Illinois.

4. That decedent was a single male with no spouse or children. He supported his parents and his sister, the Plaintiff herein, in Illinois.

5. Pursuant to Colorado Statute, said persons named in allegation 4 qualified as dependents and decedent's earnings from his employment at COLORADO CONCRETE allowed said dependents a livelihood.

6. That Decedent was employed by COLORADO CONCRETE, as a laborer and concrete hauler, for approximately four years where he worked until his fatal injury on June 18, 2019, at the age of 24.

7. Defendant COLORADO CONCRETE is located at 31793 County Road 29, Greeley, CO 80631. It is a for-profit corporation that performs residential and commercial concrete work with its principal place of business in Greeley, Colorado in Weld County.

8. That at some time and in some manner before this incident, decedent's duties as a laborer and concrete hauler included dumping and hauling concrete slabs to off-site locations, including to Defendant MARTIN MARIETTA, using dump trucks.

9. At all relevant times, Defendant MARTIN MARIETTA, either in whole, in part or in some other combination, was an owner of and held legal title to the subject dumping and hauling

3

concrete location ("the location").

10. At all relevant times, MARTIN MARIETTA, either in whole, in part or in some other combination, by and through his agents, employees, beneficiaries or others, owned, operated, managed, controlled and maintained the location.

11. MARTIN MARIETTA maintained a division in Greeley, Colorado at 31793 County Road 29, Greeley, CO 80631.

12. At all relevant times, Defendant COLORADO CONCRETE sent its' haulers, including decedent to dump concrete loads onto MARTIN MARIETTA'S Greeley plant location, and at all times either in whole, in part or in some other combination, was an owner of and held legal title of ownership to the location

13. At all relevant times, MARTIN MARIETTA, either in whole, in part or in some other combination, by and through her agents, employees, beneficiaries or others, owned, operated, managed, controlled and maintained the location including onsite security.

14. That decedent was not employed by MARTIN MARIETTA, nor was he a borrowed employee pursuant to Colorado Worker's Compensation statute.

15. At all relevant times, MARTIN MARIETTA employed onsite security personnel to drive upon the location for the purpose of maintaining means of ingress and egress, access to the site and to monitor the grounds because it owed a duty to the decedent as an invitee.

16. That COLORADO CONCRETE employed decedent to operate a dump truck where it was known that he was not a trained commercial driver's license holder.

17. That COLORADO CONCRETE employed decedent to both drive, haul, load and unload large concrete slabs without a partner or spotter and understaffed his operation in a dangerous fashion to cut costs.

18.     That despite weather conditions, COLORADO CONCRETE and MARTIN MARIETTA allowed dumping and hauling operations to continue, when it was known that rains alter the weight of the concrete loads, conditions of the land and operations of the dump truck.

16.  When assigned this task of dumping the load at MARTIN MARIETTA, decedent did not have the capacity, nor the training from his employer COLORADO CONCRETE to appreciate the dangers of the haul both alone and during rain.

18.     That decedent while completing the task assigned, entered the negligently secured grounds owned by MARTIN MARIETTA, became severely injured and suffered fatal injury when concrete from COLORADO CONCRETE dump truck fell from the truck upon his neck, spine and body.

19.     That decedent without supervision by fellow employee, and without sufficient security provided by MARTIN MARIETTA was not found by MARTIN MARIETTA security agent for several hours later.

20.     That decedent was discovered by MARTIN MARIETTA security guard with his dump truck running and with the lift hopper raised.

21.     That decedent entered the grounds when they should have remained closed to all invitees by MARTIN MARIETTA security, due to rain, instead its' guards opened entrances prematurely, without warning or notice to business invitees.

## COUNT I
## Common Law Negligence
## Against MARTIN MARIETTA

22.     Plaintiff adopts, re-alleges and incorporates by reference each and every allegation of paragraphs 1 through 21 of this Complaint as though fully set forth herein.

23. At all relevant times, MARTIN MARIETTA, by and through its' agents, employees, beneficiaries or others, either in whole or in part or by some other combination, was under a duty to operate, manage, control, and maintain said location, including said dumping grounds, in a reasonably safe condition so as to prevent its collapse of concrete materials onto decedent

24. That decedent was an invitee at the subject location owned and controlled by MARTIN MARIETTA and therefore, MARTIN MARIETTA owed a duty to decedent as an invitee.

25. That MARTIN MARIETTA breached that duty either in whole or in part or by some other combination thereof, and was negligent of one, more or all the following negligent or careless acts or omissions:

a. Allowed and permitted the said entry of grounds to be and remain in an unreasonably dangerous condition, which caused area to be unguarded;

b. Failed to inspect said grounds to determine its safety to invitees;

c. Secured grounds but did so in a negligent manner;

d. Failed to warn Plaintiff of the hazardous and unsafe condition during rain;

e. Failed to remain closed during rain causing an unreasonably dangerous condition;

f. Failed to monitor the surrounding area and to provide notice to invitees of the change in condition of the lands during rain;

g. Failed to ensure a safe work environment in compliance with all safety policies and procedures using the appropriate tools and equipment for the task;

h. Failed to perform task properly, related to safe preparation of work surfaces and paving;

i. Failed to properly patch asphalt at or near where decedent suffered injury;

j.  Failed to properly excavate and fills trenches and ditches for invitees;

k.  Failed to safely and timely coordinate backing of truck and dumping asphalt into paver or upon grounds;

l.  Failed to safely assist and monitor dumping and placement of invitees;

As a direct and proximate result of one or more of the aforesaid acts or omissions on the part of MARTIN MARIETTA, the decedent was seriously injured, suffered great pain and death, and decedent's surviving family have been deprived of the love, care, and support of their son and brother as a result of said accident and herewith claims such as damages arising now and into the future.

**WHEREFORE**, Plaintiff MARISSA GUTIERREZ as Administrator of the ESTATE OF VICTOR J. RODRIGUEZ GUTIERREZ prays for a judgment against Defendant MARTIN MARIETTA, of an amount in excess of the jurisdictional limits, of Four and One-Half Million Dollars ($4,500,000), plus costs of this action and all other just and proper relief.

## COUNT II
### Wrongful Death Act (740 ILCS 180/1)
### Against MARTIN MARIETTA

26. Plaintiff adopts, re-alleges and incorporates by reference each and every allegation of paragraphs 1 through 25 of this Complaint as though fully set forth herein.

27. That as a direct and proximate result of one or more of the forgoing acts of negligence or omissions on the part of MARTIN MARIETTA, decedent was fatally injured, and decedent's surviving family have been deprived of the love, care, and support of their son and brother as a result of said accident and herewith claims such as damages arising now and into the future.

7

28. That plaintiff brings this action as such Administrator pursuant to, and as authorized by 740 ILCS 180/1 and pursuant to 740 ILCS 180/1 et seq. (Wrongful Death Act), on behalf of decedent's sister, MARISSA GUTIERREZ.

**WHEREFORE**, Plaintiff MARISSA GUTIERREZ as Administrator of the ESTATE OF VICTOR J. RODRIGUEZ GUTIERREZ prays for a judgment against Defendant MARTIN MARIETTA, of an amount in excess of the jurisdictional limits, of Four and One-Half Million Dollars ($4,500,000), plus costs of this action and all other just and proper relief.

### COUNT III
### Negligence - Survivorship Act
### Against MARTIN MARIETTA

29. Plaintiff adopts, re-alleges and incorporates by reference each and every allegation of paragraphs 1 through 28 of this Complaint as though fully set forth herein.

30. That as a direct and proximate result of one or more of the foregoing acts of negligence or omissions on the part of the defendant, MARTIN MARIETTA, the decedent was fatally injured, experienced severe pain and suffering, incurred expenses for funeral expenses, and loss of future income as a result of said accident and herewith claims such as damages arising now and into the future.

31. That plaintiff brings this action as such Administrator pursuant to, and as authorized by 755 ILCS 5/27-6 and pursuant to 755 ILCS 5/27-6 et. seq. (Survivorship Act), on behalf of decedent's sister, MARISSA GUTIERREZ.

**WHEREFORE**, Plaintiff MARISSA GUTIERREZ as Administrator of the ESTATE OF VICTOR J. RODRIGUEZ GUTIERREZ prays for a judgment against Defendant MARTIN

MARIETTA, of an amount in excess of the jurisdictional limits, of Four and One-Half Million Dollars ($4,500,000), plus costs of this action and all other just and proper relief.

## COUNT IV
### Common Law Negligence Entrustment
### NORTHERN COLORADO CONCRETE

32. Plaintiff adopts, re-alleges and incorporates by reference each and every allegation of paragraphs 1 through 31 of this Complaint as though fully set forth herein.

33. At all relevant times, COLORADO CONCRETE, by and through its' agents, employees, beneficiaries or others, either in whole or in part or by some other combination, was under a duty to operate, manage, control, and maintain concrete hauling company, including said dumping grounds, in a reasonably safe condition so as to prevent its collapse of concrete materials onto decedent.

34. That decedent was an employee of COLORADO CONCRETE and therefore, COLORADO CONCRETE owed a duty of care to decedent as its employee.

35. That the above-described acts and omissions of COLORADO CONCRETE were committed within the scope of decedent's employment with COLORADO CONCRETE in that they were committed while on duty and in furtherance of COLORADO CONCRETE.

36. That as the employer of COLORADO CONCRETE is responsible for all of the negligent acts and omissions committed by its said employee with the scope of his employment.

37. That COLORADO CONCRETE arranged for use of equipment on property belonging to MARTIN MARIETTA.

38. That COLORADO CONCRETE retained MARTIN MARIETTA as a truck hauling facility and that it had a duty to investigate the location, its policies, records and history.

9

39. That COLORADO CONCRETE failed to property investigate MARTIN MARIETTA policies, records and history and made insufficient efforts to investigate whether it was a safe, fit, and competent company.

40. That COLORADO CONCRETE breached that duty either in whole or in part or by some other combination thereof, was negligent of one, more or all the following negligent or careless acts or omissions:

a. Allowed and permitted the said entry of grounds to be and remain in an unreasonably dangerous condition, which caused area to be unguarded;

b. Failed to inspect said grounds to determine its safety to its decedent employee;

c. Secured grounds but did so in a negligent manner;

d. Failed to warn Plaintiff of the hazardous and unsafe condition during rain;

e. Failed to remain closed during rain causing an unreasonably dangerous condition;

f. Failed to monitor the surrounding area and to provide notice to decedent employee of the change in condition of the lands during rain;

g. Failed to ensure a safe work environment in compliance with all safety policies and procedures using the appropriate tools and equipment for the task;

h. Failed to perform task properly, related to safe preparation of work surfaces and paving;

i. Failed to properly patch asphalt at or near where decedent suffered injury;

j. Failed to properly excavate and fills trenches and ditches for the decedent employee;

k. Failed to safely and timely coordinate backing of truck and dumping asphalt into paver or upon grounds;

l. Failed to safely assist and monitor dumping and placement of the decedent employee;

41. That COLORADO CONCRETE knew, had reason to know, or should have known,

that MARTIN MARIETTA had an unsafe policies, records and history, and is an unsafe with incompetent managers that would likely involving unreasonable risk of physical harm.

42. That COLORADO CONCRETE had reasons to know or should have known that by contracting with MARTIN MARIETTA, and using its facility could involve the risk of physical harm to others.

43. That decedent was a member of a foreseeable class of persons who would be at risk of suffering physical harm as a result of MARTIN MARIETTA's operation of a concrete hauling facility.

44. That COLORADO CONCRETE, by entrusting MARTIN MARIETTA, directly and proximately caused the death of decedent.

45. As a direct and proximate result of one or more of the aforesaid acts or omissions on the part of COLORADO CONCRETE, the decedent was seriously injured, suffered great pain and death. decedent's surviving family have been deprived of the love, care, and support of their son and brother as a result of said accident and herewith claims such as damages arising now and into the future.

**WHEREFORE**, Plaintiff MARISSA GUTIERREZ as Administrator of the ESTATE OF VICTOR J. RODRIGUEZ GUTIERREZ prays for a judgment against Defendant NORTHERN COLORADO CONCRETE, of an amount in excess of the jurisdictional limits, of Four and One-Half Million Dollars ($4,500,000), plus costs of this action and all other just and proper relief.

### COUNT V
### Wrongful Death Act (740 ILCS 180/1)
### NORTHERN COLORADO CONCRETE

46. Plaintiff adopts, re-alleges and incorporates by reference each and every allegation of

paragraphs 1 through 45 of this Complaint as though fully set forth herein.

47. That as a direct and proximate result of one or more of the forgoing acts of negligence or omissions on the part of COLORADO CONCRETE was fatally injured, and decedent's surviving family have been deprived of the love, care, and support of their son and brother as a result of said accident and herewith claims such as damages arising now and into the future.

48. That decedent was an employee of COLORADO CONCRETE and therefore, COLORADO CONCRETE owed a duty of care to decedent as its employee.

49. That Plaintiff brings this action as such Administrator pursuant to, and as authorized by 740 ILCS 180/1 and pursuant to 740 ILCS 180/1 et seq. (Wrongful Death Act), on behalf of decedent's sister, MARISSA GUTIERREZ.

**WHEREFORE**, Plaintiff MARISSA GUTIERREZ as Administrator of the ESTATE OF VICTOR J. RODRIGUEZ GUTIERREZ prays for a judgment against Defendant NORTHERN COLORADO CONCRETE, of an amount in excess of the jurisdictional limits, of Four and One-Half Million Dollars ($4,500,000), plus costs of this action and all other just and proper relief.

### COUNT VI
### Negligence - Survivorship Act
### NORTHERN COLORADO CONCRETE

50. Plaintiff adopts, re-alleges and incorporates by reference each and every allegation of paragraphs 1 through 49 of this Complaint as though fully set forth herein.

51. That as a direct and proximate result of one or more of the foregoing acts of negligence or omissions on the part of the Defendant, COLORADO CONCRETE, decedent was fatally injured, experienced severe pain and suffering, incurred expenses for funeral expenses, and loss of future income as a result of said accident and herewith claims such as damages arising now and

into the future.

52. That decedent was an employee of COLORADO CONCRETE and therefore, COLORADO CONCRETE owed a duty of care to decedent as its employee.

53. That plaintiff brings this action as such Administrator pursuant to, and as authorized by 755 ILCS 5/27-6 and pursuant to 755 ILCS 5/27-6 et. seq. (Survivorship Act), on behalf of decedent's sister, MARISSA GUTIERREZ.

**WHEREFORE**, Plaintiff MARISSA GUTIERREZ as Administrator of the ESTATE OF VICTOR J. RODRIGUEZ GUTIERREZ prays for a judgment against Defendant NORTHERN COLORADO CONCRETE, of an amount in excess of the jurisdictional limits, of Four and One-Half Million Dollars ($4,500,000), plus costs of this action and all other just and proper relief.

**JURY TRIAL DEMANDED**

Dated: June 24, 2022,

Respectfully submitted,

NADERH H. ELRABADI

BY _____
Attorney for Plaintiff

ELRABADI LAW
22 W. Washington Street Suite 1500
Chicago, Illinois 60602
(312) 444-9606
nhe@elrabadilaw.com
Attorney Code: 6281756